UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MAXQUISHA PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: |
| ) | |
| REMINGTON LODGING & HOSPITALITY, ) | |
| LLC. d/b/a SHERATON HOTEL CITY CENTRE, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Maxquisha Phillips ("Phillips"), brings this action against Defendant, Remington Lodging & Hospitality, LLC. d/b/a Sheraton Hotel Center ("Defendant"), for unlawfully violating her rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 1981, and the Americans with Disabilities Act ("ADA"), as amended.

**PARTIES**

1. Phillips has resided in Indianapolis, Indiana for all relevant times. She was employed by Defendant to work at its hotel located in the Southern District of Indiana.

2. Defendant operates and conducts business within the Southern District of Indiana. Defendant maintains a hotel located in Indianapolis, Indiana.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331; 42 U.S.C. § 1988; 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 1981; and 42 U.S.C. § 12117.

4. Phillips was an "employee" within the meaning of 42 U.S.C. § 2000e(f) and 42 U.S.C. § 12111(4).

1

5. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 42 U.S.C. § 12111(5)(A);

6. Phillips satisfied her obligations to exhaust her administrative remedies by first timely filing her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued its "Dismissal and Notice of Rights." Phillips now files her *Complaint and Demand for Jury Trial* within 90 days after having received her right-to-sue.

7. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

8. Phillips is a former employee of Defendant.

9. Phillips is, and has always been, black and/or African-American.

10. Defendant operates hotels, including one in downtown Indianapolis, Indiana called the Sheraton Hotel City Centre.

11. Phillips was employed by Defendant as one of its front desk supervisors in Defendant's downtown Indianapolis, Indiana hotel.

12. At all times relevant to this Charge of Discrimination, Phillips met or exceeded the legitimate performance expectations of Defendant.

13. At all times relevant to this Charge of Discrimination, Phillips has been a qualified individual with a disability, has a history of being disabled, and has been regarded by Defendant as a disabled. Phillips suffers from severe anxiety and depressive disorders. Defendant was well aware of Phillips' diagnosis as she provided this information at the time of her hiring. Additionally, she asked for, was given, and utilized an accommodation to her schedule allowing her to not work on Mondays so that she could continue to participate in therapy sessions.

14. Phillips' request for and use of an accommodation for her disability is statutorily protected conduct under the ADA.

15. Defendant later attempted to interfere with Phillips' accommodation by scheduling her on at least one Monday and then attempting to pressure her to either miss her therapy or work around it.

16. On or about May 12, 2022, Phillips was chastised for not clocking out for lunch by Defendant's assistant general manager (Caucasian). Phillips explained that she typically worked through lunch and therefore did not clock out. Phillips further explained that no one clocked out for lunch. Despite these facts, Defendant's assistant general manager continued to harass Phillips over her lunch breaks. Phillips then asked whether the assistant general manager harassed all employees about this or just her, and, if she was singled out, it would be discrimination based upon race.

17. Thereafter, Phillips, the assistant general manager, and general manager had a meeting regarding her claims of discrimination based upon race. No actions were taken from this meeting.

18. Phillips reporting to both the assistant general manager and general manager what she believed to be race discrimination is statutorily protected conduct.

19. On or about August 16-18, 2022, a night employee missed his shift and the assistant general manager had to come and cover for him. No disciplinary action was taken against him. When Phillips came to work, the assistant general manager treated her poorly. Phillips reported this to the general manager and stated that the assistant general manager's actions, comments, and treatment were trigging her disability and that Phillips would need some time off.

20. Phillips' request for a short leave is considered a request for a reasonable accommodation under the ADA. *See Severson v. Heartland Woodland, Inc.*, 872 F.3d 476, 481 (7th Cir. 2017) ("Intermittent time off or a short leave of absence — say, a couple of days or even a couple of weeks — may, in appropriate circumstances, be analogous to a part-time or modified work schedule, two of the examples listed in § 12111(9).")

21. On or about August 19, 2022, Phillips called off due to her disability and sought an appointment with her medical provider. Her medical provider stated that she needed to take the weekend off to treat her disability and its symptoms (migraines / depression / anxiety attacks). Phillips provided documentation from her provider to the assistant general manager.

22. Phillips' provision of her medical documentation with instructions to take the weekend off to treat her disability is a request for an accommodation under the ADA.

23. Immediately, Defendant's assistant general manager attacked Phillips for her request for a reasonable accommodation. Instead of discussing the need for the leave, the assistant general manager opted to berate Phillips and attempted to guilt trip her into not taking the time off. In response to the assistant general manager's statements, Phillips indicated that she would file a complaint with the human resources department for discrimination and/or retaliation. The assistant general manager persisted with her harassment stating that asking for time off was unprofessional.

24. Ultimately, Phillips required a week off (August 19-26, 2022) to treat her disability. On August 26th, Phillips checked her schedule and noticed that, while her name was on the schedule, she was not given any hours. Phillips tried to contact both her general manager and assistant general manager, but they ignored her.

25. Later, Phillips was informed that she was not put on the schedule for the entire week. Thereafter, Phillips was never put back on the schedule, thereby resulting in her termination.

26. Phillips later discovered that Defendant replaced her with a similarly-situated Caucasian employee who is not known or regarded as an individual with a disability. Shockingly, Phillips was replaced even before she was terminated.

27. Defendant has shown a clear bias in favor of employees who are not qualified individuals under the ADA and against those who are. Defendant took adverse employment actions against Phillips due to her disability, history of disability, or that she was regarded as disabled, in violation of the ADA.

28. Defendant refused to provide a reasonable accommodation to Phillips and has intentionally interfered with her use of any reasonable accommodation.

29. Defendant took adverse employment actions against Phillips due to her statutorily protected conduct of requesting a reasonable accommodation for her disabling condition.

30. Defendant has retaliated against Phillips for her statutorily protected conduct. Defendant has accorded more favorable treatment to similarly situated employees, who have not engaged in statutorily protected conduct.

31. Defendant subjected Phillips to severe or pervasive harassment, which significantly altered core terms, conditions, or privileges of her employment including, but not limited to the core term of not being subjected to discrimination and/or harassment.

32. Defendant has shown a clear bias in favor of employees who are not black and/or African-American and against those who are. Phillips was subjected to adverse employment actions due to her race in violation of Title VII and 42 U.S.C. § 1981.

33. Phillips has been, and continues to be, harmed by Defendant's actions and/or inactions.

34. All of Defendant's purported reasons for taking adverse employment action against Phillips are pretext.

35. Defendant's actions have violated Phillips's rights as protected by Title VII, 42 U.S.C. § 1981, and the ADA.

### COUNT I - RACE DISCRIMINATION – TITLE VII

36. Phillips hereby incorporates paragraphs 1-35 of her Complaint and Jury Demand.

37. Defendant fired Phillips because of her race.

38. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Phillips's rights as protected by Title VII.

### COUNT II - RACE DISCRIMINATION - 42 U.S.C. § 1981

39. Phillips hereby incorporates paragraphs 1-38 of her Complaint and Jury Demand.

40. Defendant fired Phillips because of her race.

41. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Phillips' rights as protected by 42 U.S.C. § 1981.

### COUNT III - RETALIATION – TITLE VII and 42 U.S.C. § 1981

42. Phillips hereby incorporates paragraphs 1-41 of her Complaint and Jury Demand.

43. Phillips engaged in statutorily-protected conduct.

44. Defendant fired Phillips because of her statutorily-protected conduct.

45. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Phillips' rights as protected by Title VII and 42 U.S.C. § 1981.

## COUNT IV – DISABILITY DISCRIMINATION – ADA

46. Phillips hereby incorporates paragraphs 1-45 of her Complaint and Jury Demand.

47. Phillips asked for a reasonable accommodation.

48. Defendant did not provide a reasonable accommodation to Phillips in or about August, 2022. Defendant did not engage in the interactive process with Phillips in or about August, 2022.

49. Instead, Defendant used the requested accommodation against Phillips.

50. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Phillips's rights as protected by the ADA.

## COUNT V – DISABILITY DISCRIMINATION - ADA

51. Phillips hereby incorporates paragraphs 1-50 of her Complaint and Jury Demand.

52. Defendant fired Phillips because of her disability, record of a disability, and/or its perception of her being disabled.

53. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Phillips's rights as protected by the ADA.

## COUNT VI – RETALIATION - ADA

54. Phillips hereby incorporates paragraphs 1-53 of her Complaint and Jury Demand.

55. Phillips engaged in statutorily-protected activities.

56. Defendant fired Phillips because of her statutorily-protected activities.

57. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Phillips's rights as protected by the ADA.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Maxquisha Phillips, by counsel, respectfully requests that this Court find for her and order that:

1. Defendant pay lost wages and benefits to Phillips;

2. Defendant reinstate Phillips to the same position, with the requisite pay, seniority, and benefits, or pay front pay and benefits to her in lieu of reinstatement;

3. Defendant pay compensatory and punitive damages to Phillips;

4. Defendant pay pre- and post-judgment interest to Phillips;

5. Defendant pay Phillips's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Phillips any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

/s/ Shannon L. Melton
Shannon L. Melton, Attorney No. 29380-49

Attorneys for Plaintiff
Maxquisha Phillips

WILSON MELTON, LLC
5226 South East Street, Suite A-5
Indianapolis, Indiana 46227
Telephone: (317) 802-7181

Email: bwilson@wilsonmelton.com
smelton@wilsonmelton.com

## DEMAND FOR JURY TRIAL

Plaintiff, Maxquisha Phillips, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

/s/ Bradley L. Wilson
Bradley L. Wilson, Attorney No. 21154-49

Attorneys for Plaintiff
Maxquisha Phillips